IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FERNANDO MORALES-PENA, SR.,

          Plaintiff,

   v.

GALE A. MCMAHON, et al.,

          Defendants.

No. 1:16-cv-0012-MC

**ORDER**

---

FERNANDO MORALES, JR.,

          Plaintiff,

   v.

GALE A. MCMAHON, et al.,

          Defendants.

No. 1:16-cv-0013-MC

**ORDER**

---

**MCSHANE, J.**

      Pro se plaintiff Fernando Morales-Pena, Sr. (Morales-Pena), and his son Fernando Morales, Jr. (Morales), bring these two civil rights actions against Klamath County Animal

1- ORDER

Control officer Gale A. McMahon, Klamath County Animal Control, Klamath Humane Society, and the City of Klamath Falls Police Department. Plaintiffs seek *in forma pauperis* status.

These two actions, filed separately, challenge the seizure of twenty-eight roosters from the Plaintiffs' property on April 4, 2015. Because Plaintiffs' claims are based on the same alleged conduct, I consolidate these actions for all further proceedings. *See* Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated"); *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("[a] district court generally has 'broad' discretion to consolidate actions"). The first action filed, *Morales-Pena, Sr. v. McMahon*, 1:16-cv-0012-MC, will be the lead case.

I stay these actions while the state criminal prosecutions against Plaintiffs are pending.

## DISCUSSION

### I. Plaintiffs' Claims

Plaintiff Morales alleges that Defendants "raided our family home and seized all 28 of my show birds (roosters), which were subsequently destroyed. Even though [Defendants] found no evidence of cock fighting on our property the birds were seized anyway . . . ." 1:16-cv-13-MC, ECF No. 1, at 3. Morales also alleges that Defendants impounded his dog and threatened not to return the dog unless Morales confessed to cockfighting. Morales brings civil rights claims, seeking $750,000 in damages.

Plaintiff Morales-Pena's claims are substantially the same as his son's claims.

### II. The Pending Criminal Prosecution of Plaintiffs

Plaintiffs were each separately indicted in Klamath County on 29 counts of cockfighting in violation of Or. Rev. Stat. § 167.428, a Class C felony. *See State of Oregon v. Fernando Morales, Jr.*, Case No. 1500747CR (Klamath Cnty. Cir. Ct.); *State of Oregon v. Fernando*

*Morales, Sr.*, Case No. 1500748CR (Klamath Cnty. Cir. Ct.).  I take judicial notice of the state court dockets for the criminal prosecutions, which are available online.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of filings in underlying or related litigation).

In May 2015, the state court entered orders forfeiting the impounded animals.  Trial for both Plaintiffs is currently set for May 2016.

### III.  This Court Must Abstain From Hearing Plaintiffs' Claims

Federal courts generally should abstain from hearing actions that challenge ongoing state court criminal proceedings.  *Younger v. Harris,* 401 U.S. 37 (1971).  Under the *Younger* abstention doctrine, federal courts should abstain from hearing civil rights actions for declaratory and monetary relief when related state judicial proceedings are pending; the state proceedings implicate important state interests; and the state proceedings allow "an adequate opportunity to raise constitutional challenges."  *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004) (en banc); *Mann v. Jett,* 781 F.2d 1448, 1449 (9th Cir.1986).

Here, *Younger* abstention is appropriate because state criminal proceedings are pending; the state proceedings implicate important state interests; and the state proceedings provide an adequate opportunity to raise constitutional challenges.  *Gilbertson*, 381 F.3d at 982.  Under Oregon law, "A person commits the crime of cockfighting if the person knowingly . . . [o]wns, possesses, keeps, rears, trains, buys, sells or advertises or otherwise offers to sell a fighting bird."  Or. Rev. Stat. § 167.428(1)(a).  Because Plaintiffs' civil rights claims are based on their allegations that Defendants found no evidence of cockfighting on the property, any relief this court could grant would directly interfere with the pending criminal prosecutions of Plaintiffs for cockfighting.  *See Guerro v. Mulhearn*, 498 F.2d 1249, 1253 (1st Cir. 1974) ("a suit for money

3- ORDER

damages under section 1983 may also have a substantially disruptive effect upon contemporary state criminal proceedings"). The criminal proceedings here implicate the state's interest in enforcing its criminal laws, specifically the prohibition against cockfighting.

None of the exceptions to the *Younger* abstention doctrine applies here. There is no indication that the state prosecutions, filed months before Plaintiffs filed their complaints in this court, are in bad faith or are intended to harass Plaintiffs. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (bad faith exception to *Younger* abstention applies to state prosecutions that lack "a reasonable expectation of obtaining a valid conviction") (further quotation marks and citation omitted). Nor are there any other extraordinary circumstances that would justify addressing Plaintiffs' claims in this court while the state criminal prosecutions are pending. *See Dubinka v. Judges of the Superior Court,* 23 F.3d 218, 225-26 (9th Cir. 1994).

When applying the *Younger* abstention doctrine, this court must stay rather than dismiss claims for monetary relief "that cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Gilbertson*, 381 F.3d at 982. Here, Plaintiffs seek damages for the alleged civil rights violations, and they cannot recover damages in the state criminal prosecution. I therefore stay this action pending the resolution of the state criminal charges against Plaintiffs. If Plaintiffs are convicted, the *Younger* abstention doctrine continues to apply during the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign.").

4- ORDER

## CONCLUSION

This action is stayed pending the resolution of the state criminal prosecution against Plaintiffs. Plaintiffs' applications to proceed *in forma pauperis* are denied at this time. Nos. 1:16-cv-12-MC, ECF No. 2; 1:16-cv-13-MC, ECF No. 2.

IT IS SO ORDERED.

DATED this 1st day of March, 2016.

_____
MICHAEL MCSHANE
U.S. DISTRICT JUDGE