UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| STATE OF OREGON,              )<br>                                              )<br>     Petitioner,                       )<br>                                              )<br>v.                                          )<br>                                              )<br>Fernando Morales, Sr. and      )<br>Fernando Morales, Jr.,             )<br>                                              )<br>     Respondents                    )<br>_____ ) | Case No. 1:16-cv-000013-MC<br><br>JUDICIAL NOTICE filed concurrently with STATUS REPORT |

TO THE HONORABLE JUDGE OF SAID COURT:

The August 15 2016 hearing on motions to dismiss and suppress was cancelled, as was every hearing since this case started on April 4, 2015. This hearing was to have all charges against Fernando Morales, Sr. and Fernando Morales, Jr. ("Respondents") dismissed with prejudice, because Assistant District Attorney Sharon Forester, Gale McMahon along with animal control and Klamath Falls police officer Kylie Bermingston threatened to kill Respondent Fernando Morales, Jr.'s dog if he did not cooperate by confessing to charges, of which he is innocent. Forester, McMahon and Bermingston's use of threat, fear and intimidation against Fernando Morales, Jr. is on the police audio of Morales, Jr.'s interrogation, and was to be brought to the August 15 hearing in support of a motion to suppress Fernando Jr.'s statement and return his collectibles to him.

TAKE JUDICIAL NOTICE THAT Mark Costello – Respondent's attorney and an officer of the court – committed *Brady* violations by refusing to bring forward this police audio which exonerates Morales, Jr. See *Brady v. Maryland,* 373 US 83 (1963) and *Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), in which the Supreme Court amplified the

dimensions of <u>every lawyer's duty to prevent fraud upon a court</u> per Canons of Professional Ethics of the American Bar Association and the Model Code of Professional Responsibility:

> "These standards confirm that the legal profession has accepted that an attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct; it specifically ensures that the client may not use false evidence. This special *duty of an attorney to prevent and disclose frauds* upon the court derives from the recognition that perjury is as much a crime as tampering with witnesses or jurors by way of promises and threats, and undermines the administration of justice. *Id.* At 168-169, 106 S.Ct. 988 (emphasis added)."

> See also Rule 1 from West's 2010 Title 28 F.R.C.P.s ORDER OF APRIL 29, 1980:

> [4] MR. JUSTICE WHITE, writing for the Court, recently reminded the federal courts that <u>"the discovery provisions…are subject to the injunction of Rule 1 that they be 'construed to secure the just, speedy and inexpensive determination of every action.'"</u> *Herbert v. Lando*, 441 U.S. 153, 177 (1979) [emphasis added]

> In his most recent Annual Report on the State of the Judiciary, THE CHIEF JUSTICE declared that: "[T]he responsibility for control [of the pretrial process] rests on both judges and lawyers. <u>Where existing rules and statutes permit abuse, they must be changed. Where the power lies with judges to prevent or correct abuse and misuse of the system, the judges must act.</u>" Address to American Bar Association Mid-Year Meeting, 6 (Feb. 3, 1980) [emphasis added]

> [8] "<u>The principal function of procedural rules,</u>" as MR. JUSTICE BLACK observed in another context, "<u>should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts.</u> "346 U.S. 946 (1954) (separate statement upon adoption of revised Supreme Court Rules) [emphasis added].

Fernando Morales, Sr. and Fernando Morales, Jr. demand that this court TAKE JUDICIAL NOTICE OF THE FOLLOWING laws and cases, which uphold Respondents' 4th, 5th, 6th, 7th and 8th Amendment rights secured by the Constitution and other rights secured by Acts of Congress, which properly belong in *federal* court:

- *Malley v. Briggs*, 475 U.S. 335, 342, 106 S.Ct. 1092, 1096-97, 89 L.Ed.2d 271 (1986) and *Antoine v. Byers,* 508 U.S. 429 (1993), the <u>jury</u> weighs evidence and determines immunity;
- U.S. Constitution 7th Amend. and Title 28 U.S.C. Rule 38 secure Respondents' unalienable rights to jury trial as part of due process,
- Title 28 U.S.C. Rule 50 if conflicting inferences may be drawn from the facts, the case must go to the jury,

- *Anderson v. Liberty Lobby* 106 S.Ct. 2505, 477 U.S. 242, 91 L.Ed.2d 202 (1986) credibility determinations, weighing of evidence, and drawing of legitimate inferences from the facts are jury functions, not those of judge,

- *Steagald v. U.S.*, 101 S.Ct. 1641 (1981) the 4th Amendment is designed to prevent, not simply to redress, unlawful police action … search in question violated 4th Amendment where it took place in absence of exigent circumstances,

- *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978): "[I]t would be an unthinkable imposition upon [the authority of a magistrate judge] if a warrant affidavit, revealed after the fact to contain a deliberately or recklessly false statement, were to stand beyond impeachment." In this case, there was no warrant, no Prosecutorial forms, no Work Product documents, no Booking Order, and no Record required by the Full Faith and Credit of the U.S. Const. Art. IV sec. 1 that there shall be a public record. Defendants' pre-paid salaries as Civil Servants (NAICS # 922120) required them to adhere to and faithfully perform Policies, Procedures and Duties prescribed by law. Defendants' failure to do so is theft, robbery, and constitutes false claims against the United States per 18 U.S.C. § 1343 as defined by § 1346,

- *Alcorta*, 355 U.S. at 31, 78 S.Ct. 103, false impression given to the jury by the prosecutor and the State violates right to due process,

- *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959): "A lie is a lie, no matter what its subject, and if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

- *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), Constitutional floor established by the Due Process Clause of the 14th Amendment requires fair trial in fair tribunal before unbiased judge,

- U.S. Constitution 5th Amendment requiring just compensation for taking private property for public use,

- *Olmstead v. United States*, 277 U.S. 438, 485, 48 S.Ct. 564, 72 L.Ed. 944 (1928), the ends in our system do not justify the means. Our Constitution promises due process of law,

- *Anderson v. Creighton*, 107 S.Ct. 3034 (1987), there is no immunity for the plainly incompetent or those who knowingly violate the law,

- *Owen v. City of Independence, MO*, 100 S.Ct. 1398 (1980), the Civil Rights Act imposes liability upon every person, including municipal corporations, who, under color of state law or custom, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws …

- U.S. Constitution 4th Amendment – It is not objectively reasonable, for purposes of qualified immunity, for a prosecutor deliberately or recklessly to misstate or omit facts material to the existence of probable cause,

- *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991), a judge loses judicial immunity when acting in the complete absence of all jurisdiction ... And jurisdictional issues cannot be waived,

- *Salinas v. United States,* 118 S.Ct. 469 (1997) that statutes should be construed to avoid constitutional questions, but this interpretative canon is not a license for the judiciary to rewrite language enacted by the legislature,

- *Chambers v. Nasco,* 111 S.Ct. 2123 (1991), court has inherent power to sanction bad-faith litigation and fraud per 28 U.S.C. § 1927 and F.R.C.P.s Rules 11, 16(f), 26(g), 30(g), 37 and 56(g)

- *Camara v. Municipal Court,* 387 US 523, 18 L.Ed.2d 930, 87 S.Ct. 1727 (1967), enforcement of city or county codes upon private property violates the 4th Amendment, and the protection of the 4th Amendment against unreasonable searches and seizures is not limited to a situation in which an individual is *suspected* of criminal behavior,

- *Palazzolo v. Rhode Island,* 533 U.S.__, 150 L.E.d.2d 592, 121 S.Ct.__ (2001), the Takings Clause of the Fifth Amendment, applicable to the States through the 14th Amendment prohibits the government from taking private property for public use without just compensation,

- *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393 (1922), it is wrong for the government to take property, even for public use, without tendering just compensation,

- *Sabariego v Maverick,* 124 US 261, 31 L Ed 430, 8 S Ct 461, A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights,

- *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998), Pro se litigants must be ensured meaningful access to the courts,

- *United States v. Juvenile Male,* 118 F.3d 1344 (9th Cir. 1997), RICO jurisdiction and conviction was obtained on defendant affecting the flow of seven sandwiches and five bags of potato chips. *Sandwiches* and *potato chips* are defined as *items in interstate commerce*, just as *roosters, hens, eggs, feed,* etc. are items in interstate commerce affected by cities' illegal restraint of trade, see *United States v. Juvenile Male,* 118 F.3d 1344 (9th Cir. 1997): "3. Commerce All that is required to establish federal jurisdiction in Racketeer Influenced and Corrupt Organizations Act (RICO) prosecution is showing that individual predicate racketeering acts have de minimis impact on interstate commerce. 18 U.S.C.A. § 1962(d).  4. Commerce To establish de minimis effect on interstate commerce so as to permit exercise of jurisdiction under Racketeer Influenced and Corrupt Organizations Act (RICO), Government need not show that defendant's acts actually affected interstate commerce; rather, jurisdictional requirement is satisfied by proof of probable or potential impact. 18 U.S.C.A. § 1962(d)."

- Title 15 U.S.C. section 1 (illegal restraint of trade) and Title 18 U.S.C. section 1962 (racketeering prohibited) both made it illegal for anybody to restrict or restrain the free flow of any item in commerce or trade (chickens, chicken feed, chicken products). Title 15 U.S.C. § 1 provides punishments for illegal restraint of trade:

> Every person (no exceptions) who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal (use of threat, fear and intimidation to restrain property/rooster ownership) shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $10,000,000.00 (ten million dollars) if a (municipal) corporation, or, if any other person, $350,000.00.

- Since chickens, chicken feed, etc. are all items in interstate trade, Congress also provides penalties for individuals or entities interfering with commerce, see Title 18 U.S.C. § 1951:

  > "Whoever in any way or degree <u>obstructs, delays or affects commerce or the movement of any article or commodity…by robbery or extortion or attempts or conspires to do so…shall be fined…or imprisoned not more than twenty years</u>…(2) the term 'extortion' means the <u>obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, **or under color of official right**</u>." [emphasis added]

- *Maine v. Thiboutot,* 100 S.Ct. 250, jurisdiction, once challenged, cannot be assumed, and must be decided,

- *McGrew v. UT,* 85 P.2d 608, Life, Liberty and Property are the three great subdivisions of all civil rights … and 'property' embraces all valuable interests which a man may possess outside of himself, his life, and his liberty, and is not confined to mere tangible property, but extends to every specie of vested right

- Jurisdiction relating to municipalities and their codes was addressed by the U.S. Supreme Court in *Rundle v. Del. & Raritan Canal Co.,* 55 U.S. 80, 98, 14 L. Ed. 335 (1852), ruling that municipal corporations (and their codes) are paper and can't testify or contend with a living man,

- *Hagans v. Lavine,* 415 U.S. 533 n. 5,  *Monell v. NY,* 436 U.S. 633, jurisdiction once challenged cannot be assumed to exist,

- *Bialac v. Harsh,* 436 F.2d 1185, cert. den. 93 S.Ct. 558, 34 L.Ed.2d 512, jurisdiction can be challenged at any time,

- *Marbury v. Madison,* 5 US (2 Cranch) 137, 180 (1803) that all laws (Rules of Practice) which are repugnant to the Constitution are null and void, and the Constitution of the United States of America is the supreme law of the land, and overruled the original 1787 A.D. Constitution for the united States of America, Article VI, paragraph 2, which states that the constitution shall be the supreme law of the land, and the judges in every state shall be bound thereby.

- *Brandon v. Holt,* 469 U.S. 464, 83 L.Ed.2d 878, 105 S.Ct. 873 (1985), that there was no immunity for denial of Rojas' due process rights and malicious prosecution based on *chickens with shaved legs*, and granted judgment in favor of Rojas. Per the Anti-Corruption Act, *Salinas v. United States,* 118 S.Ct. 469 (1997), and *Sabri v. United States,* 541 U.S. 600 (1994), anybody who conspires to defraud any citizen of rights to honest services has no immunity.

- *Scheuer v. Rhodes,* 94 S.Ct. 1683 (1974) ruled that when state officer acts under state law in manner violative of Federal Constitution as what happened here with a warrantless inspection (based on hearing a rooster crow) followed by prohibited writ of assistance to seize innocent property without due process and use it against the owner, he comes into conflict with superior authority of that Constitution and is stripped of his official or representative character and subjected in his person to consequences of his individual conduct, and a state has no power to impart to him any immunity from responsibility to supreme authority of United States. When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but void.

- The 6th Amendment requires full disclosure as to the <u>nature</u> and cause of the accusations (What kind of court is it? What jurisdiction?),

- *Chambers v. Baltimore R.R.,* 207 U.S. 142, 28 S.Ct 34, 52 L.Ed. 143 (1907): "The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution. Corfield v. Coryell, 4 Wash. C.C. 371, 380, Fed. Cas. No. 3, 230, per Washington, J.; Ward v. Maryland, 12 Wall. 418, 430, 20 L.ed. 449, 452, per Clifford, J.; Cole v. Cunningham, 133 U.S. 107, 114, 33 S. L.ed. 538, 542, 10 Supt. Ct. Rep. 269 per Fuller, Ch. J.' Blake v. McClung, 172 U.S. 239, 252, 43 L.Ed 432, 437, 19 Sup. Ct. Rep. 165, per Harlan, J." … At 207 U.S. 148: "More recently, the Sixth Circuit held that the Constitution guarantees Plaintiff the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective."

### Black's Law Dictionary 4th Edition Definitions

LIFE: "Life" protected by the Federal Constitution includes all personal rights and their enjoyment embracing the use and enjoyment of the faculties, acquiring useful knowledge, the freedom of worship, conscience, contract, occupation, speech, assembly and press.

LIBERTY: Freedom; exemption from extraneous control. The power of the will to follow the dictates of its unrestricted choice, and to direct the external acts of the individual without restraint, coercion, or control from other persons. … The word "liberty" includes and comprehends all personal rights and their enjoyment. … It embraces freedom from duress … freedom from governmental interference in exercise of intellect, in formation of opinions, in the expression of them, and in action or inaction dictated by judgment; … freedom from servitude, imprisonment or restraint. … freedom in enjoyment and use of all of one's powers, faculties and property.

PURSUIT OF HAPPINESS: As used in constitutional law, this right includes personal freedom, freedom of contract, exemption from oppression or invidious discrimination, the right to follow one's individual preference in the choice of an occupation and the application of his energies, liberty of conscience, and the right to enjoy the domestic relations and the privileges of the family and the home. … The right to follow or pursue

any occupation or profession without restriction and without having any burden imposed upon one that is not imposed upon others in a similar situation.

PROPERTY. That which is peculiar or proper to any person; that which belongs exclusively to one; in the strict legal sense, an <u>aggregate of rights which are guaranteed and protected by government</u>...The term is said to extend to every species of valuable right and interest....More specifically, ownership; the unrestricted and exclusive right to a thing; the right to dispose of a thing in every legal way, to possess it, to use it, <u>and to exclude every one else from interfering with it</u>. [emphasis added]

Constitution for the United States of America:

<u>Fourth Amendment</u>:  The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

<u>Fifth Amendment</u>:  No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentation or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation

<u>Sixth Amendment</u>:  Right to speedy and public trial by impartial jury; crime ascertained by law; [right to] be informed of the nature and cause of the accusation; confronted with witnesses against him;  to have compulsory process for obtaining witnesses in his favor; assistance of counsel.

<u>Seventh Amendment</u>:  In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

<u>Eighth Amendment</u>:  Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

- Chickens are defined by law as *property*, see Title 18 U.S.C. section 2311 Definition of stolen property.  This section lists everything that can be stolen in the United States in order of importance as how its theft negatively impacts economic stability and national security of the entire nation. No. 1 on the list is stolen airplane. No. 2 on the list is stolen cattle.  No. 3 on the list is stolen livestock (<u>fowl</u>).  It goes on – No. 4 stolen money, no. 5 stolen motor vehicle, etc.

- Chickens are also defined as *agricultural commodities* per Title 7 U.S.C. section 2. *Commodity* is anything of value which can be bought, traded or sold, whether it is a live or a dead chicken, and includes all chicken products and items connected with any chicken enterprise – eggs, feed cups, feed, wire, lumber, vitamins, your truck or car to transport these commodities, etc.

- Chickens are also defined as *war materials* or *national defense materials*, see Title 18 U.S.C. CHAPTER 105 SABOTAGE, Section 2151 Definitions. "As used in this chapter: The words *war material* include arms, armament, ammunition, <u>livestock</u>, forage, forest products and standing timber, stores of clothing, air, water, food. The words *war premises* include <u>all buildings, grounds</u>, mines, or other places <u>wherein such war material is being produced.</u> The words *national-defense material* include arms, armament, ammunition, <u>livestock</u>, forage, forest products and standing timber, stores of clothing, air, water, food. The words *national-defense premises* include all <u>buildings, grounds</u>, mines, or other places <u>wherein such war material is being produced...</u>" [emphasis added].

- Title 15 U.S.C. section 1 (illegal restraint of trade) and Title 18 U.S.C. section 1962 (racketeering prohibited) both made it illegal for anybody to restrict or restrain the free flow of any item in commerce or trade defined as chickens, chicken feed, chicken products. Title 15 U.S.C. § 1 provides punishments for illegal restraint of trade:

    "… Every person (no exceptions) who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal (use of threat, fear and intimidation to restrain property/rooster ownership) shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $10,000,000.00 (ten <u>million</u> dollars) if a (<u>municipal</u>) corporation, or, if any other person, $350,000.00."

- Title 18 U.S.C. § 1951 also provides punishments for illegal restraint of trade:

    "Whoever in any way or degree <u>obstructs, delays or affects commerce or the movement of any article or commodity…by robbery or extortion or attempts or conspires to do so…shall be fined…or imprisoned not more than twenty years</u>…(2) the term 'extortion' means the <u>obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, **or under color of official right**</u>." [emphasis added]

Bermingston, McMahon and Forester violated federal law Title 18 U.S.C. §§ 241, 242 and 1951. This automatically NULLS and VOIDS the entire state action against Respondents.

Demand is hereby made to have these public employees prosecuted for breach of their Oaths, for violations against the Constitution for the United States of America, and for violations against their fiduciary duties to faithfully protect and serve the public/plaintiffs. Respondents reserve all rights to file a counterclaim.

Respondents also demand that this Court issue an Order dismissing state actions 1500747CR and 1500748CR with prejudice, and Order restitution to Plaintiffs to make them whole and

return them to Square One as they were before this spurious action based on conjecture and hearsay was commenced against them.

Respectfully Submitted,

_____          _____
Fernando Morales, Sr., pro per                              Date
Without recourse UCC 1-308
5725 Summers Lane
Klamath Falls, OR 97603


_Fernando Morales Jr._          _8-24-16_
Fernando Morales, Jr., pro per                              Date
Without recourse UCC 1-308
5725 Summers Lane
Klamath Falls, OR 97603